IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE A. JACKIM, | ) | CASE NO:   1:07-cv-3139 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | NANCY A. VECCHIARELLI |
| STATE OF OHIO, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | |

Petitioner, Bruce A. Jackim ("Jackim"), challenges the constitutionality of his retrial in the case of *State v. Jackim*, Cuyahoga County Common Pleas Case No. 03-CR-439646.  Jackim, represented by counsel, filed a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on October 12, 2007 with the United States District Court for the Northern District of Ohio and is seeking a stay of state court proceedings pursuant to 28 U.S.C. § 2251.  This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2.  Because Jackim is seeking a stay of his retrial in state court, this petition is being addressed on an expedited basis.

**I.     Procedural Background**.

The Court scheduled an in-chambers conference that was held on October 19, 2007. Counsel for Respondent indicated that service was adequate and would not be challenged.  From the information provided at the conference, it appears that the jury found Jackim not guilty of felonious assault against police officer Dan Meadows in violation of Ohio Revised Code ("O.R.C.") § 2903.11 (Count I) but guilty of the lesser included offense of assault.  The jury also found Jackim guilty of resisting arrest in violation of O.R.C. § 2921.33 (Count III).  Finally, the

Court entered an acquittal pursuant to Ohio Criminal Rule 29 on Count II – a simple assault against a different police officer in violation of O.R.C. § 2903.13.  Jackim successfully appealed his convictions in state appellate court on the ground that the trial court erroneously excluded evidence sought to be introduced by the defense.  The state appellate court remanded the case for retrial and the case remains pending before the trial court.  Thereafter, Jackim filed his petition for a writ of habeas corpus.  Without deciding the matter, it appears that Jackim satisfies the custody requirement within the meaning of 28 U.S.C. § 2254.  *See Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 300-302 (1984) (habeas corpus petitioner released on his own recognizance is in custody, but he must exhaust all available state court opportunities before coming to federal court).

**II.     Analysis**.

According to the Rules Governing Section 2254 Cases, if it plainly appears from the petition that the petitioner is not entitled to relief in district court, the petition should be dismissed.  Conversely, if the petition is not dismissed, the Court must order the respondent to file a response within a fixed time.  *See* Rule 4.  After reviewing Jackim's petition and hearing the information presented at the conference, the Court finds that Jackim's petition is insufficient and only his allegation of double jeopardy may be a colorable and cognizable claim at this stage of the proceedings.[1]  Jackim contends that he is being retried on charges of which he was acquitted and further avers that he unsuccessfully sought dismissal in state court of the charges

---

[1] The Court referred Jackim's counsel to the Court's "Petition for Relief From a Conviction or Sentence By a Person in State Custody" form (AO241).

levied against him on double jeopardy grounds.[2]  The double jeopardy right has a "unique nature" and "the right cannot be fully vindicated on appeal following final judgment" because it protects not only against conviction twice for the same offense but also prohibits being put on trial twice for the same offense.  *Lydon*, 466 U.S. 294, 302-303.  The Sixth Circuit has found that "under Ohio law, 'the overruling of a motion to dismiss on the ground of double jeopardy is not a final appealable order' [and therefore] federal adjudication was necessary to protect petitioner's rights under the Double Jeopardy Clause."  *Harpster v. Ohio*, 128 F.3d 322, 325-326 (6th Cir. 1997) (citations omitted); *accord Marshall v. Ohio*, 443 F. Supp.2d 911 (N.D. Ohio 2006) (finding state judge's denial of pretrial motion to dismiss on double jeopardy grounds rendered jurisdiction in federal court proper because such a denial is not reviewable in Ohio courts.)

Respondent represented that the State of Ohio is not seeking to retry Jackim on any count of which he was acquitted during the first trial, a representation that, if true, nullifies Jackim's double jeopardy allegation.  Respondent indicated that it was only planning on retrying Jackim on the simple assault and resisting arrest charges of which he was convicted.  Respondent indicated that the county prosecutor would file a clarification with the trial court to remedy any confusion created by the Bill of Particulars.

The remaining allegations in Jackim's petition are confusing, unintelligible, and fail to

---

[2] There appears to be some confusion concerning the charges upon retrial stemming from the Bill of Particulars, which contains a "Count Two" alleging simple assault upon the person of police officer Meadows in violation of O.R.C. § 2903.13.  (Doc. No. 10, Exh. A.)  At trial, Jackim was acquitted of simple assault in Count II but found guilty of simple assault in Count I, the count which alleged police officer Meadows was the victim. Jackim argues that the State of Ohio is attempting to retry him on Count II, and that the State merely substituted police officer Meadows as the alleged victim.

articulate a cogent federal constitutional claim that could justify federal intervention and a stay of state court proceedings prior to trial. Jackim's attempt to bootstrap these claims to his double jeopardy allegation is unavailing.

### III. Conclusion.

For the foregoing reasons, Respondent is hereby ORDERED to file a limited response brief addressing the issue of double jeopardy arising from Jackim's retrial by October 29, 2007. Petitioner must file his response no later than November 5, 2007. Because the petition does not contain all necessary portions of the state record, Respondent is further ORDERED to file the following documents: an updated docket sheet; the original and any amended indictment(s); all judgment entries reflecting the charges of which Jackim was acquitted or convicted; copies of all appeals or post-conviction relief sought in this matter and the state courts' corresponding decisions; and a copy of any documents submitted to the trial court, as well as any orders of the trial court, correcting, modifying, and/or clarifying the charges against Jackim upon retrial.

IT IS SO ORDERED.

*/s/ Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: October 23, 2007